



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 9, 2025**

_____
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.:**   **24-43507-ELM-11** |
| **RJ Hawk Transport Inc.**<br>82-5347984<br>3668 S. FM 51<br>Decatur, TX 76234 | **Chapter:**   **11** |
| **Debtor.** | |

**ORDER CONFIRMING**
**DEBTOR'S AMENDED PLAN OF REORGANIZATION**
**[DATED DECEMBER 30, 2024], AS MODIFIED**

On the **26th day of February 2025**, came on before the Court the confirmation hearing on

*Debtor's Amended Plan of Reorganization [Dated December 30, 2024]* [**Docket Entry No. 48**]

("**Plan**") filed by RJ Hawk Transport Inc. ("**Debtor**"). A true and correct copy of the Plan is

attached hereto and incorporated herein by this reference. The Court, having considered the

Plan, the objection of Wintrust Specialty Finance ("**Wintrust**") [**Docket Entry No. 56**]

("**Objection**"), the ballot tally, the evidence presented at the hearing, and the representations

and arguments of counsel, and the objection of the United States of America on behalf of the

Internal Revenue Service [**Docket Entry No. 57**] having been withdrawn [**Docket Entry No. 62**], and the Debtor having agreed to certain modifications to the Plan specified herein ("**Plan Modifications**") (the Plan, as modified, referred to as the "**Modified Plan**"), the Court made its findings of fact and conclusions of law orally on the record, which findings and conclusions are incorporated by reference herein. In addition to such findings and conclusions, the Court makes the following additional findings and conclusions, noting that capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Debtor commenced the subject bankruptcy case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on **September 29, 2024** (the "**Petition Date**").

2. The deadline for filing objections to the Plan was **February 21, 2025**. The deadline for voting to accept or reject the Plan was **February 21, 2025**.

3. The Confirmation hearing was noticed for and held on **February 26, 2025, at 1:30 p.m**.

4. The Debtor proposed the Plan in good faith to provide for the treatment of all claims against the Debtor and its bankruptcy estate.

5. All creditors and other parties in interest, in accordance with the orders of this Court, timely received copies of: (a) the Plan; and (b) the *Order Setting Plan Related Deadlines and Hearing on Confirmation [Small Business Debtor – Subchapter V]* [**Docket Entry No. 50**] ("**Hearing and Solicitation Procedures Order**"). As such, all such parties, in accordance with the

orders of this Court, timely received appropriate notice of: (a) the time within which ballots must have been received by the Debtor; (b) the time within which objections to confirmation must have been filed; and (c) the Confirmation Hearing.

6.      The Ballot Summary, which was filed with the Court on **February 24, 2025** [**Docket Entry No. 59**], reflects the voting results tabulated by the Debtor from the timely received ballots of each Class designated under the Plan.

7.      The Debtor has modified the Plan with the following Plan Modifications:

a.      Article 4 of the Plan, solely as it relates to Class 1A, is modified to clarify that, the *ad valorem* tax liability provided for in the Plan shall be paid in full commencing April 1, 2025, at the rate of $410.00 per month for a period of no more than 38 months.

b.      Article 4 of the Plan, solely as it relates to Class 1B, is modified as follows: The third section thereof labeled "*Interest*" is deleted in its entirety and replaced with the following:

Interest.  Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1B Claim holder at 7.50% interest from and after the Confirmation Date.

c.      The Debtor specifically agrees to file the Form 2290, Heavy Highway Vehicle Use Tax Return for the missing periods within thirty days of the Effective Date.

d.      The Debtor shall make payments in the sum of $200.00 per month to the SubV Trustee commencing thirty days after the Effective Date until the fees allowed the SubV Trustee by this Court are paid in full.

8.      The Plan Modifications do not cause the Plan to fail to meet the requirements of either §§ 1122 or 1123 of the Bankruptcy Code.  The Plan Modifications are not adverse to any impaired Class of Claims.  Accordingly, pursuant to § 1193(a), the Modified Plan is deemed to be the chapter 11 plan subject to consideration for confirmation and all votes cast in relation to the Plan apply with equal force and effect to the Modified Plan.

9.      The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 11 U.S.C. §§ 1334 and 157 (b)(2)(A), (L), and (O).

10.      The Modified Plan meets all requirements of §§ 1122, 1123 (to the extent applicable), and 1190 of the Bankruptcy Code.

11.      For reasons set forth below, the Modified Plan complies with the confirmation requirements of §§ 1191 and 1129 (to the extent incorporated by § 1191) of the Bankruptcy Code, and with all other requirements of the Bankruptcy Code.

12.      Due and Sufficient Notice.  Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

13.      Plan Compliance - Bankruptcy Code §§ 1191(a) and 1129(a)(1).  The Modified Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

14.      Proponent Compliance - Bankruptcy Code §§ 1191(a) and 1129(a)(2).  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

15.      Good Faith - Bankruptcy Code §§ 1191(a) and 1129(a)(3).  The Modified Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law.

16.      Payments - Bankruptcy Code §§ 1191(a) and 1129(a)(4).  Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Modified Plan and/or case have been approved by or are subject to the approval of this Court.

17.      Disclosures Regarding Post-Confirmation Management - Bankruptcy Code §§ 1191(a) and 1129(a)(5).  The Debtor accurately disclosed in the Modified Plan the identity and any affiliations of the individuals proposed to serve as officers and directors of Debtor after the

Modified Plan is confirmed, and the compensation to be paid to such individuals after confirmation of the Modified Plan.

18.     No Rate Change - Bankruptcy Code §§ 1191(a) and 1129(a)(6). No governmentally regulated rates are involved in this case.

19.     Best Interests of Creditors - Bankruptcy Code §§ 1191(a) and 1129(a)(7). With respect to impaired Classes of Claims or Interests, each holder of a Claim or Interest of such Class has accepted the Modified Plan or will receive or retain under the Modified Plan on account of such Claim or Interest property of a value, as of the effective date of the Modified Plan, that is not less than the amount that such holder would receive or retain on account of such Claim or Interest if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

20.     Acceptance of the Plan - Bankruptcy Code §§ 1191(a) and 1129(a)(8).

a.     **Classes 1A and 1D** voted to accept the Plan (and hence the Modified Plan per ¶ 8 above) by the requisite amounts and numbers required by § 1126 of the Bankruptcy Code.

b.     **Classes 2 and 4** are not impaired under the Modified Plan. Therefore, these Classes are deemed to have accepted the Modified Plan.

c.     No votes were cast by any of the holders of Claims within **Classes 1B, 1C, 1E, 1F, 1G, 1H, 1I, 1J or 3**. Therefore, none of those Classes has voted to accept the Plan (or Modified Plan) under the provisions of § 1126 of the Bankruptcy Code. For purposes of compliance with § 1129(a)(8) of the Bankruptcy Code, however, because none of the holders of Claims in Classes 1B, 1C, 1E, 1F, 1I, or IJ either cast a vote to accept or reject the Plan or filed an objection to confirmation of the Plan, then pursuant to the Hearing and Solicitation Procedures Order (¶ 7) each of these Classes is disregarded for purposes of determining compliance with § 1129(a)(8) of the Bankruptcy Code.

21.     Cram Down - Bankruptcy Code § 1191(b) and (c). As indicated above, the Debtor did not satisfy the requirements of §§ 1191(a) and 1129(a)(8) of the Bankruptcy Code in relation

to Classes 1G. 1H, and 3.  Consequently, the Debtor requests confirmation under the cram down

provisions of §§ 1191(b) and (c) of the Bankruptcy Code.

      a.      In relation to **Classes 1G and IH** of the Modified Plan, the Modified Plan does not discriminate unfairly against either Class and is fair and equitable to each such Class.  Among other things, the treatment afforded to both Class 1G and IH complies with the requirements of §§ 1191(c)(1) and 1129(b)(2)(A) of the Bankruptcy Code.  As such, the Objection of Wintrust is overruled in all respects.

      b.      In relation to **Class 3** of the Modified Plan, the Modified Plan does not discriminate unfairly against such Class and is fair and equitable to the Class.  Among other things, the treatment afforded to Class 3 complies with the requirements of § 1191(c)(2) of the Bankruptcy Code because, as of the effective date of the Modified Plan, the value of the property to be distributed under the Modified Plan during the 5-year period beginning on the date on which the first distribution is due under the Modified Plan is not less than the projected disposable income of the Debtor during such 5-year period.  Additionally, in relation to § 1191(c)(3) of the Bankruptcy Code, the Debtor has established that it will be able to make all payments under the Modified Plan.

22.    <u>Priority Claims - Bankruptcy Code §§ 1191(a) and 1129(a)(9)</u>.  Claims entitled to

priority under § 507(a)(2)-(a)(8) will be paid in accordance with the requirements of § 1129(a)(9)

of the Bankruptcy Code.

23.    <u>Class Acceptance - Bankruptcy Code §§ 1191(a) and 1129(a)(10)</u>.  At least one Class

of Claims that is impaired under the Modified Plan has accepted the Plan (and hence the Modified

Plan per ¶ 8 above), determined without including any acceptance of the Plan by any insider.

24.    <u>Feasibility - Bankruptcy Code §§ 1191(a) and 1129(a)(11)</u>.  The Modified Plan is

feasible and the confirmation of the Modified Plan is not likely to be followed by the liquidation,

or need for further financial reorganization of the Debtor.

25.    <u>Fees - Bankruptcy Code §§ 1191(a) and 1129(a)(12)</u>.  All fees payable under 28

U.S.C. §1930 have been paid.

26.     Retiree Benefits - Bankruptcy Code §§ 1191(a) and 1129(a)(13).   There are no retiree benefits involved in this case.

27.     Domestic Support Obligations - Bankruptcy Code §§ 1191(a) and 1129(a)(14). Section 1129(a)(14) is not applicable in this case.

28.     Transfer Compliance - Bankruptcy Code §§ 1191(a) and 1129(a)(16).  The Modified Plan does not contemplate the transfer of property.

THEREFORE, based upon the foregoing findings of fact and conclusions of law.

## ORDER

**IT IS HEREBY ORDERED** that:

1.     The findings of fact and conclusions of law stated herein and as stated orally on the record shall constitute the Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant Bankruptcy Rule 9014.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be finding of fact, it shall be so deemed.

2.     All objections, if not withdrawn, waived, or settled at or prior to the hearing, including the Objection of Wintrust, are overruled on the merits.

3.     The Modified Plan shall be and is hereby confirmed in all respects pursuant to §§ 1191(a) and (b) of the Bankruptcy Code.

4.     The Reorganized Debtor shall serve as the disbursing agent pursuant to § 1194(b) of the Bankruptcy Code.

5.      All perfected liens and security interests of any creditor shall continue to be perfected with respect to such creditor's collateral.

6.      This Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by law, except to the extent otherwise set forth herein.

7.      This Order is hereby declared to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents.

8.      To the extent that the terms of the Modified Plan conflict with any prior orders of this Court, the terms of the Modified Plan shall be controlling.  To the extent that the terms of the Modified Plan conflict with this Order, this Order shall be controlling.

9.      Within three (3) business days after the date of the entry of this Order, Debtor's counsel shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), parties who have filed a Notice of Appearance, parties to rejected leases or executory contracts and all other parties listed on the Debtor's Master Service List, notice of entry of this Order.

**### END OF ORDER ###**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: | **Case No.:**     **24-43507-ELM-11** |
| **RJ Hawk Transport Inc.**<br>82-5347984<br>3668 S. FM 51<br>Decatur, TX 76234 | **Chapter:**     **11** |
|                                         **Debtor.** | |

### DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
### [DATED DECEMBER 30, 2024]

Pursuant to section 1121(a) of the Bankruptcy Code, **RJ Hawk Transport Inc.**, the debtor and debtor-in-possession in this Case[1] hereby proposes this Plan of Reorganization

#### INTRODUCTION

The purpose of this Plan is to provide the details of the Debtor's proposed reorganization and proposed distributions of money and/or property to their Creditors After the Plan has been confirmed, the Bankruptcy Court will retain jurisdiction to determine the allowance of all Claims and to effectuate and enforce the terms of this Plan.

#### BACKGROUND

#### Business History and Operations

Debtor is a Texas corporation which currently operates from Decatur, Texas. The Debtor operates regional trucking business.

Prior to the Petition Date, the Debtor was a party to two different loan and security agreements with Wintrust. Wintrust asserts the Debtor was in default on those obligations and repossessed the following trailers (collectively, the "**Trailers**") approximately twenty days before the Petition Date:

- 2021 Travis Dump Trailer, VIN: 48XlF3727Ml014943
- 2023 Ranco Anvil, VIN: 1UNSD3424PS188240

The Debtor asserts it was current on its obligations to Wintrust at the time the Trailers were repossessed. The Debtor's business operations were negatively impacted when Wintrust repossessed the Trailers. This bankruptcy case was filed in large part to resolve the issues respecting Wintrust and to recover the Trailers.

---

[1] Capitalized terms used herein shall have the meaning ascribed them in Article VIII of this Plan.

**CONDITIONS TO CONFIRMATION**

The Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Plan as **Exhibit "A"**.

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan. The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments. Attached as **Exhibit "B"** are projections of Debtor's revenue and expenses.

### ARTICLE 1:  PLAN SUMMARY

1.1.    **Reorganization**:  The Plan provides for a reorganization and restructuring of the Debtor's financial obligations.

1.2.    **Distribution**:  The Plan provides for a distribution to Creditors in accordance with the terms of the Plan from the Debtor over the course of **five (5)** years from the Debtor's continued business operations.

1.3.    **Classes**:  The Plan provides for:

| | |
|---|---|
| **1** | Class of priority Claims; |
| **10** | Classes of secured Claims; |
| **1** | Class of unsecured Claims; and |
| **1** | Class of equity security holders. |

Unsecured Creditors holding Allowed Claims will receive distributions paid quarterly over five (5) years in the following approximate amounts:

| DEBTOR | PROJECTED QUARTERLY DISTRIBUTION |
|---|---|
| **RJ Hawk Transport Inc.** | $6,000.00 |

This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 4 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE 2:  CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.1. | **Class 1A** | ……………… | The claim of *Ad Valorem* Tax Authorities to the extent Allowed as Secured Claims under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.2. | **Class 1B** | ……………… | The First Citizens Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.3. | **Class 1C** | ……………… | The AmeriCredit Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |

| 2.4. | **Class 1D** | ................ | The Ally Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
|---|---|---|---|
| 2.5. | **Class 1E** | ................ | The Mitsubishi Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.6. | **Class 1F** | ................ | The Marlin Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.7. | **Class 1G** | ................ | The Wintrust 1163 Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.8. | **Class 1H** | ................ | The Wintrust 1427 Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.9. | **Class 1I** | ................ | The Midland Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.10. | **Class 1J** | ................ | The Equify Claim to the extent Allowed as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code. |
| 2.11. | **Class 2** | ................ | All Allowed Claims entitled to priority under § 507(a) of the Bankruptcy Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)). |
| 2.12. | **Class 3** | ................ | All non-priority unsecured Claims Allowed under § 502 of the Bankruptcy Code. |
| 2.13. | **Class 4** | ................ | Equity Interests of the Debtor |

**ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIOIRTY TAX CLAIMS AND QUARTERLY AND COURT FEES**

| 3.1. | **Unclassified Claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
|---|---|---|
| 3.2. | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan by the Debtor, but only to the extent of each such Debtor's liability, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor as set forth in the following sections 3.3 through and including 3.4 or post-confirmation. **NOTE: This treatment is materially altered in the event of confirmation pursuant to § 1191(b) as to claims arising under §§ 507(a)(2) and (3) as noted in section 3.6 of this Plan.** |
| 3.3. | **Priority Tax Claims** | Each holder of an Allowed Priority Tax Claim against the Debtor shall receive on the Effective Date, in full satisfaction, release and discharge of such Allowed Priority Tax Claim, at the election of the liable Debtor, either: (i) Cash payment in the amount of such holder's Allowed Priority Tax Claim; (ii) deferred Cash payments over a period not to exceed five (5) years, from the Petition Date of a value as of the Effective Date, equal to the Allowed amount of such Claim; or (iii) such other terms as may be agreed upon by such holder and the liable Debtor. The rate of interest to be paid on Allowed Priority Tax Claims that are paid out over five (5) years shall be equal to the underpayment rate specified in 26 |

U.S.C. § 6621 (determined without regard to 26 U.S.C. § 6621(a)) as of the Effective Date (the underpayment rate is currently 7.0%).

| 3.4. | EXCEPTION: Payment of Administrative Expense Claims Through Plan Term | If the Plan is confirmed pursuant to § 1191(b) any and all claims of a kind specified in paragraph (2) or (3) of § 507(a) of the Bankruptcy Code shall be paid the Allowed amount of such claim in equal monthly installments during the Plan Term commencing on the Effective Date or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
|------|---------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

## ARTICLE 4:   TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4. Claims and Interests shall be treated as follows under this Plan

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1A - Secured Claim of *Ad Valorem* Tax Authorities | ☑ Impaired<br>☐ Unimpaired | Each holder of an Allowed Class 1A Claim payable to a taxing authority for *ad valorem* taxes shall retain its full rights and liens to the extent of its Allowed Secured Tax Claim until its Allowed Secured Tax Claim has been paid in full.<br><br>Payment shall be made in full no later than five (1) year from and after the Effective Date in equal monthly payments.  More specifically, the prepetition and post-petition *ad valorem* taxes of the holder of an Allowed Class 1A Claim shall be treated as follows:<br><br>Liens and Interest.  Any and all liens (both those arising prepetition and post-petition) held by the holder of an Allowed Class 1A Claim shall be preserved in any transfer of assets under the Plan.  Each holder of an Allowed Class 1A Claim shall be entitled to receive interest from the Petition Date to the Effective Date pursuant to 11 U.S.C. § 506(b), as well as from the Effective Date until paid in full at a statutory rate of 1% per month as required by 11 U.S.C. § 511.  If the post-petition *ad valorem* taxes are not paid prior to the State law delinquency date, each holder of an Allowed Class 1A Claim shall be entitled to receive any penalties and interest that accrue under State law based on the nonpayment of such tax.<br><br>Default.  In the event the Reorganized Debtor fails to timely pay an Allowed Class 1A Claim or |

a post-petition tax in compliance with the Plan, the Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1A Claim may pursue remedies in accordance with that section against the Reorganized Debtor.

Estimation of Amount. Debtor estimates the aggregate of all Allowed Class 1A Claims is $12,329.29 based upon the Court's claim register.

| | | |
|---|---|---|
| Class 1B - Secured Claim of **First Citizens** | ☑ Impaired ☐ Unimpaired | **Class 1B Summary.** Class 1B consists of the Secured Claim of First Citizens. First Citizens has filed a proof of claim asserting it is owed approximately **$11,418.01**. The Allowed Class 1B Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>Principal Amount. The unpaid principal balance of the Allowed Class 1B Claim is hereby allowed as an Allowed Secured Claim in the amount of **$3,000.00**.<br><br>Interest. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1B Claim holder at 0.025% interest from and after the Confirmation Date.<br><br>Payments. The Allowed Class 1B Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$262.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1B Claim is paid in full.<br><br>Maturity. The maturity date shall be the first (1st) day of the 12**th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.<br><br>Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1B Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |

| | | |
|---|---|---|
| | | Collateral. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1B Claim shall remain in full force and effect following the Effective Date. |
| | | Default. In the event Reorganized Debtor fails to timely pay an Allowed Class 1B Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1B Claim may pursue remedies in accordance with that section. |
| | | Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1B Claim shall be sent to the following address: **First Citizens Bank & Trust Company**, 10201 Centurion PKWY N, Jacksonville, FL 32256. |
| Class 1C - Secured Claim of **AmeriCredit** | ☑ Impaired<br>☐ Unimpaired | Class 1C Summary. Class 1C consists of the Secured Claim of AmeriCredit. AmeriCredit has filed a proof of claim asserting it is owed approximately **$19,197.62**. The Allowed Class 1C Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows. |
| | | Principal Amount. The unpaid principal balance of the Allowed Class 1C Claim is hereby allowed as an Allowed Secured Claim in the amount of **$19,197.62**. |
| | | Interest. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1C Claim holder at 8.30% interest from and after the Confirmation Date. |
| | | Payments. The Allowed Class 1C Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$392.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1C Claim is paid in full. |
| | | Maturity. The maturity date shall be the first (1st) day of the 60**th** month after the first full calendar month following the Effective Date, at |

which time the remaining balance due and owing, if any, shall be paid in full.

Pre-Payment.  At any time after the Effective Date, without penalty or premium, the Allowed Class 1C Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor.

Collateral.  Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1C Claim shall remain in full force and effect following the Effective Date.

Default.  In the event Reorganized Debtor fails to timely pay an Allowed Class 1C Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1C Claim may pursue remedies in accordance with that section.

Address for Payment.  Until further notice, all payments due the holder of an Allowed Class 1C Claim shall be sent to the following address: **AmeriCredit Financial Services, Inc. dba GM Financial**, PO Box 183853, Arlington, TX 76096.

| Class 1D - Secured Claim of **Ally** | ☑ Impaired ☐ Unimpaired | Class 1D Summary.  Class 1D consists of the Secured Claim of Ally.  Ally has filed a proof of claim asserting it is owed approximately **$82,810.61**.  The Allowed Class 1D Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows. |
| --- | --- | --- |
| | | Principal Amount.  The unpaid principal balance of the Allowed Class 1D Claim is hereby allowed as an Allowed Secured Claim in the amount of **$66,775.00**. |
| | | Interest.  Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1D Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date. |
| | | Payments.  The Allowed Class 1D Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of |

|  |  |  |
|---|---|---|
|  |  | **$1,370.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1D Claim is paid in full. |
|  |  | Maturity. The maturity date shall be the first (1st) day of the 60th month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full. |
|  |  | Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1D Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |
|  |  | Collateral. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1D Claim shall remain in full force and effect following the Effective Date. |
|  |  | Default. In the event Reorganized Debtor fails to timely pay an Allowed Class 1D Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1D Claim may pursue remedies in accordance with that section. |
|  |  | Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1D Claim shall be sent to the following address: **Ally Bank**, Payment Processing Center, PO Box 660618, Dallas, TX 75266-0618. |
| Class 1E - Secured Claim of **Mitsubishi** | ☑ Impaired<br>☐ Unimpaired | Class 1E Summary. Class 1E consists of the Secured Claim of Mitsubishi. Mitsubishi has filed a proof of claim asserting it is owed approximately **$352,269.57**. The Allowed Class 1E Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>Principal Amount. The unpaid principal balance of the Allowed Class 1E Claim is hereby allowed |

as an Allowed Secured Claim in the amount of **$200,000.00**.

Interest. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1E Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date.

Payments. The Allowed Class 1E Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$4,105.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1E Claim is paid in full.

Maturity. The maturity date shall be the first (1st) day of the 60**th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.

Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1E Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor.

Collateral. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1E Claim shall remain in full force and effect following the Effective Date.

Default. In the event Reorganized Debtor fails to timely pay an Allowed Class 1E Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1E Claim may pursue remedies in accordance with that section.

Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1E Claim shall be sent to the following address: **Mitsubishi HC Capital America, Inc.**, c/o The Magnozzi Law Firm, PC, Mark F. Magnozzi, 23 Green Street, Suite 302, Huntington, NY 11743.

| Class 1F - Secured Claim of **Marlin** | ☑ Impaired ☐ Unimpaired | **Class 1F Summary.** Class 1F consists of the Secured Claim of Marlin. Marlin has filed a proof of claim asserting it is owed approximately **$7,164.12**. The Allowed Class 1F Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>**Principal Amount.** The unpaid principal balance of the Allowed Class 1F Claim is hereby allowed as an Allowed Secured Claim in the amount of **$7,164.12**.<br><br>**Interest.** Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1F Claim holder at 7.56% interest from and after the Confirmation Date.<br><br>**Payments.** The Allowed Class 1F Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$323.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1F Claim is paid in full.<br><br>**Maturity.** The maturity date shall be the first (1st) day of the 24**th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.<br><br>**Pre-Payment.** At any time after the Effective Date, without penalty or premium, the Allowed Class 1F Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor.<br><br>**Collateral.** Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1F Claim shall remain in full force and effect following the Effective Date.<br><br>**Default.** In the event Reorganized Debtor fails to timely pay an Allowed Class 1F Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder |

of the affected Allowed Class 1F Claim may pursue remedies in accordance with that section.

Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1F Claim shall be sent to the following address: **Marlin Business Corporation**, 300 Fellowship Mount Laurel, NJ 0805.

| Class 1G - Secured Claim of **Wintrust 1163** | ☑ Impaired ☐ Unimpaired | Class 1G Summary. Class 1G consists of the Secured Claim of Wintrust 1163. Wintrust 1163 has filed a proof of claim asserting it is owed approximately **$44,314.91**. The Allowed Class 1G Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>Principal Amount. The unpaid principal balance of the Allowed Class 1G Claim is hereby allowed as an Allowed Secured Claim in the amount of **$25,000.00**.<br><br>Interest. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1G Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date.<br><br>Payments. The Allowed Class 1G Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$515.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1G Claim is paid in full.<br><br>Maturity. The maturity date shall be the first (1st) day of the 60th month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.<br><br>Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1G Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |

| | | |
|---|---|---|
| | | <u>Collateral</u>. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1G Claim shall remain in full force and effect following the Effective Date.<br><br><u>Default</u>. In the event Reorganized Debtor fails to timely pay an Allowed Class 1G Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1G Claim may pursue remedies in accordance with that section.<br><br><u>Address for Payment</u>. Until further notice, all payments due the holder of an Allowed Class 1G Claim shall be sent to the following address: **Wintrust Specialty Finance**, P.O. Box 3892, Seattle, WA 98124. |
| Class 1H - Secured Claim of **Wintrust 1427** | ☑ Impaired<br>☐ Unimpaired | <u>Class 1H Summary</u>. Class 1H consists of the Secured Claim of Wintrust 1427. Wintrust 1427 has filed a proof of claim asserting it is owed approximately **$55,468.84**. The Allowed Class 1H Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br><u>Principal Amount</u>. The unpaid principal balance of the Allowed Class 1H Claim is hereby allowed as an Allowed Secured Claim in the amount of **$28,000.00**.<br><br><u>Interest</u>. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1H Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date.<br><br><u>Payments</u>. The Allowed Class 1H Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$575.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1H Claim is paid in full.<br><br><u>Maturity</u>. The maturity date shall be the first (1st) day of the 60**th** month after the first full calendar month following the Effective Date, at |

| | | which time the remaining balance due and owing, if any, shall be paid in full. |
| --- | --- | --- |
| | | Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1H Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |
| | | Collateral. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1H Claim shall remain in full force and effect following the Effective Date. |
| | | Default. In the event Reorganized Debtor fails to timely pay an Allowed Class 1H Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1H Claim may pursue remedies in accordance with that section. |
| | | Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1H Claim shall be sent to the following address: **Wintrust Specialty Finance**, P.O. Box 3892, Seattle, WA 98124. |
| Class 1I - Secured Claim of **Midland** | ☑ Impaired<br>☐ Unimpaired | Class 1I Summary. Class 1I consists of the Secured Claim of Midland. Midland has filed a proof of claim asserting it is owed approximately **$72,115.25**. The Allowed Class 1I Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows. |
| | | Principal Amount. The unpaid principal balance of the Allowed Class 1I Claim is hereby allowed as an Allowed Secured Claim in the amount of **$40,000.00**. |
| | | Interest. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1I Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date. |
| | | Payments. The Allowed Class 1I Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of |

| | | |
|---|---|---|
| | | **$821.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1I Claim is paid in full. |
| | | Maturity. The maturity date shall be the first (1st) day of the 60th month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full. |
| | | Pre-Payment. At any time after the Effective Date, without penalty or premium, the Allowed Class 1I Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |
| | | Collateral. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1I Claim shall remain in full force and effect following the Effective Date. |
| | | Default. In the event Reorganized Debtor fails to timely pay an Allowed Class 1I Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1I Claim may pursue remedies in accordance with that section. |
| | | Address for Payment. Until further notice, all payments due the holder of an Allowed Class 1I Claim shall be sent to the following address: **Midland States Bank c/o Orion First Financial**, P.O. Box 2149, Gig Harbor, WA 98335. |
| Class 1J - Secured Claim of **Equify** | ☑ Impaired<br>☐ Unimpaired | Class 1J Summary. Class 1J consists of the Secured Claim of Equify. Equify has filed a proof of claim asserting it is owed approximately **$380,232.27**. The Allowed Class 1J Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>Principal Amount. The unpaid principal balance of the Allowed Class 1J Claim is hereby allowed |

as an Allowed Secured Claim in the amount of **$270,000.00**.

Interest.  Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1J Claim holder at the Secured Claim Interest Rate from and after the Confirmation Date.

Payments.  The Allowed Class 1J Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$5,540.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1J Claim is paid in full.

Maturity.  The maturity date shall be the first (1st) day of the 60**th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.

Pre-Payment.  At any time after the Effective Date, without penalty or premium, the Allowed Class 1J Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor.

Collateral.  Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allo2wed Class 1J Claim shall remain in full force and effect following the Effective Date.

Default.  In the event Reorganized Debtor fails to timely pay an Allowed Class 1J Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1J Claim may pursue remedies in accordance with that section.

Address for Payment.  Until further notice, all payments due the holder of an Allowed Class 1J Claim shall be sent to the following address: **Equify Financial LLC**, 777 Main Street, Suite 3900, Fort Worth, TX 76102.

| Class 2 - Priority Claims excluding those in Article 3 of this Plan | ☐ Impaired ☑ Unimpaired | Class 2 consists of all Allowed Priority Claims against the Debtor. Except to the extent that the holder of such Claim agrees to a different treatment, the Reorganized Debtor shall pay Cash on the Effective Date to each holder of any Allowed Claim in Class 2 the amount of such Allowed Claim against such Reorganized Debtor. |
|---|---|---|
| Class 3 – Non-priority unsecured Claims | ☑ Impaired ☐ Unimpaired | Class 3 consists of Allowed Claims against Debtor (including Claims arising from the rejection of executory contracts and/or unexpired leases) other than: (i) Administrative Claims; (ii) Priority Tax Claims; or (iii) Claims included within any other Class designated in this Plan. Class 3 shall be deemed to include those Creditor(s) holding an alleged Secured Claim against Debtor, for which: (y) no collateral exists to secure the alleged Secured Claim; and/or (z) liens, security interests, or other encumbrances that are senior in priority to the alleged Secured Claim exceed the fair market value of the collateral securing such alleged Secured Claims as of the Petition Date. <br><br> Each holder of an Allowed Unsecured Claim in Class 3 shall be paid by Reorganized Debtor from an unsecured creditor pool, which pool shall be funded at the rate of **$2,000.00** per month ($120,000.00 over the life of the plan). Payments from the unsecured creditor pool shall be paid quarterly, **for a period not to exceed five (5) years (20 quarterly payments)** and the first quarterly payment will be due on the twentieth (20th) day of the first full calendar month following the last day of the first quarter. <br><br> Estimation of Amount. Debtor estimates the aggregate of all Allowed Class 3 Claims is less than **$450,000.00** based upon Debtor's review of the Court's claim register, Debtor's bankruptcy schedules, and anticipated Claim objections. |
| Class 4 – Equity Security Holders of the Debtor | ☐ Impaired ☑ Unimpaired | Class 4 consists of the holders of Allowed Interests in the Debtor. The holder of an |

Allowed Class 4 Interest shall retain their interests in the Reorganized Debtor.

---

> **IF THE HOLDER OF A SECURED CLAIM DOES NOT TIMELY: (1) TENDER A BALLOT RESPECTING THE CONFIRMATION OF THE PLAN AND/OR (2) OBJECT TO THE CONFIRMATION OF THE PLAN, THAT SECURED CLAIM HOLDER IS DEEMED TO HAVE VOTED IN FAVOR OF CONFIRMATION.**

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

| | | |
|---|---|---|
| 5.1. | **Disputed Claim** | A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: <br><br> (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or <br><br> (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.2. | **Delay of distribution on a disputed Claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a Final Order. |
| 5.3. | **Settlement of disputed Claims** | The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure |

## ARTICLE 6: EXECUTORY CONTRACTS

| | | |
|---|---|---|
| 6.1. | **Assumed executory contracts and unexpired leases** | (a) Reorganized Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date: <br><br> • N/A <br><br> (b) Reorganized Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.1(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **ninety (90)** days after the Effective Date. |

---

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

| | | |
|---|---|---|
| 7.1. | **General** | The Debtor proposes to implement and consummate this Plan through the means contemplated by §§ 1123 and 1145(a) of the Bankruptcy Code. |
| 7.2. | **Reorganized Debtor and Performance of Assumed Executory Contracts** | From and after the Effective Date, in accordance with the terms of this Plan and the Confirmation Order, the Reorganized Debtor shall perform all obligations under all executory contracts and unexpired leases assumed in accordance with Article 6 of this Plan. |
| 7.3. | **Reorganized Debtor and Estate assets** | 7.3.1. **Management of Reorganized Debtor**. The management of Reorganized Debtor will remain unaltered. |

7.3.2. **Revesting [§ 1191(a)]**. On the Effective Date, if the Plan is confirmed pursuant to § 1191(a), title to all assets, claims, Causes of Action, properties, and business operations of the Debtor and of the Estate shall vest and/or revest in the Reorganized Debtor. Thereafter, each Reorganized Debtor shall own and retain such assets free and clear of all liens and Claims, except as expressly provided in this Plan. From and after the Effective Date, except as otherwise described in this Plan, each Reorganized Debtor shall own and operate such assets without further supervision by or jurisdiction of this Court, except as otherwise provided herein.

7.3.3. **No Revesting [§ 1191(b)]**. If the Plan is confirmed pursuant to § 1191(b), title to all assets, claims, Causes of Action, properties, and business operations of the Debtor and of the Estate shall remain property of the Estate until discharge of the Reorganized Debtor pursuant to § 1192. From and after the Discharge Date title to all assets, claims, Causes of Action, properties, and business operations of the Debtor and of the Estate shall vest and/or revest in the Reorganized Debtor. Thereafter, each Reorganized Debtor shall own and retain such assets free and clear of all liens and Claims, except as expressly provided in this Plan. From and after the Discharge Date, except as otherwise described in this Plan, each Reorganized Debtor shall own and operate such assets without further supervision by or jurisdiction of this Court, except as otherwise provided herein.

7.3.4. **Disbursing Agent**. If the Plan is confirmed under § 1191(a) of the Bankruptcy Code the Reorganized Debtor shall serve as the disbursing agent, without bond, for purposes of making transfers and payments under this Plan. If the Plan is confirmed under § 1191(b) of the Bankruptcy Code the disbursing agent shall be:

☐ SubV Trustee of the Reorganized Debtor

| | | ☑ The Reorganized Debtor as request is hereby made pursuant to § 1194(b) of the Bankruptcy Code. |
| --- | --- | --- |
| 7.4. | **Settlement of disputed Claims** | The Reorganized Debtor will each have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure respecting the Estate. |

### ARTICLE 8: GENERAL PROVISIONS

| | | |
| --- | --- | --- |
| 8.1. | **Definitions** | The definitions set forth in § 101 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |

8.1.1. *Ad Valorem* **Tax Authorities** means the following:

- Dallas County

8.1.2. **Administrative Claim** means any right to payment constituting a cost or expense of administration of the Case of a kind specified under § 503(b) of the Bankruptcy Code and entitled to priority under §§ 507(a)(2), 507(b) or 1114(e)(2) of the Bankruptcy Code, including, without limitation: (i) any actual and necessary costs and expenses of preserving the Estate of the Debtor; (ii) any actual and necessary costs and expenses of operating any of the Debtor's business enterprises; (iii) any indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of its business enterprise; (iv) all compensation and reimbursement of expenses to the extent awarded by the Court under §§ 330, 331 or 503 of the Bankruptcy Code; (v) any fees or charges assessed against the Estate under § 1930 of chapter 123 of title 28 of the United States Code; and (vi) any Claim for goods delivered to the Debtor within twenty days of the Petition Date and entitled to administrative priority pursuant to § 503(b)(9) of the Bankruptcy Code.

8.1.3. **Allowed Amount** means the amount in lawful currency of the United States of any Allowed Claim, or the number of shares representing any Allowed Interest.

8.1.4. **Allowed** means, with reference to any Claim or Interest: (i) a Claim against or Interest in the Debtor, proof of which, if required, was filed on or before the Bar Date, which is not a Contested Claim or Contested Interest; (ii) if no proof of claim or interest was so filed, a Claim against or Interest in the Debtor that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009; or (iii) a Claim or Interest allowed hereunder or by Final Order. Moreover, the

following Claims or Interests are not Allowed:  (i) any Claim or Interest allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Court; (ii) any Claim or Interest, or any portion thereof, which is subsequently withdrawn, disallowed, released or waived by the holder thereof, by this Plan, or pursuant to a Final Order; and (iii) any Claim or Interest, or any portion thereof, which is attributable to punitive damages or penalties.

8.1.5. **AmeriCredit** means AmeriCredit Financial Services, Inc. dba GM Financial.

8.1.6. **Ally** means Ally Bank.

8.1.7. **Avoidance Action** means any claim or cause of action belonging to the Debtor and arising under the Bankruptcy Code including, but not limited to, §§ 544, 547, 548 and 550.

8.1.8. **Ballot** means each of the ballot forms distributed to each holder of an impaired Claim or Interest (other than to holders not entitled to vote on the Plan) upon which is to be indicated, among other things, acceptance or rejection of the Plan.  **A copy of the Ballot is attached hereto as Exhibit "C".**

8.1.9. **Bankruptcy Code** means Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as in effect on the date hereof.

8.1.10. **Bankruptcy Court** means the United States Bankruptcy Court for the **Northern District of Texas, Fort Worth Division**.

8.1.11. **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under § 2075 of title 28 of the United States Code, and local rules of the Court, as the context requires, and as in effect on the date hereof.

8.1.12. **Bar Date** means the deadline by which a Claim must have been timely filed.  The Bar Date for all Administrative Claims is the date that is ninety (90) days after the Effective Date.

8.1.13. **Business Day** means any day other than a Saturday, a Sunday or a "legal holiday" as that phrase is defined in Bankruptcy Rule 9006(a).

8.1.14. **Case** means the above entitled and numbered case which was commenced by the Debtor filing of a voluntary petition for relief pursuant to the Bankruptcy Code.

8.1.15. **Causes of Action** means any and all claims, rights and causes of action that have been or could have been brought by or on behalf of the Debtor arising before, on or after the Petition Date, known or unknown, in contract or in tort, at law or in equity or under any theory of law, including, but not limited to

---

any and all claims, rights and causes of action the Debtor or the Estate may have against any Person arising under chapter 5 of the Bankruptcy Code, or any similar provision of state law or any other law, rule, regulation, decree, order, statute or otherwise, including but not limited to any claim or cause of action under a policy of insurance, claims, if any, against officers and directors of the Debtor, Avoidance Actions under the Code, and any other causes of action belonging to the Debtor or the Estate.

8.1.16. **Claim** means: (i) right of payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

8.1.17. **Claimant** means the holder of a Claim or Interest.

8.1.18. **Claims Objection Deadline** means the date by which parties authorized by the Plan may file any objection to a Claim, which date shall be ninety (90) days after the Effective Date, except with respect to Administrative Claims as otherwise provided for herein.

8.1.19. **Class** means all of the holders of Claims or Interests with respect to the Debtor that has been designated as a class in Article 4 hereof.

8.1.20. **Confirmation** means the entry by the Bankruptcy Court of the Confirmation Order.

8.1.21. **Confirmation Date** means the date of entry by the Bankruptcy Court of an order confirming the Plan.

8.1.22. **Confirmation Hearing** means the hearing or hearings to be held before the Bankruptcy Court in which the Debtor shall seek Confirmation of this Plan.

8.1.23. **Confirmation Order** means the Final Order confirming this Plan.

8.1.24. **Contested** when used with respect to a Claim or Interest, means a Claim against or Interest in the Debtor that is: (i) listed in any of the Debtor's Schedules as disputed, contingent, or unliquidated and as to which a proof of claim has been timely filed; (ii) listed in any of the Debtor's Schedules as undisputed, liquidated, and not contingent and as to which a proof of Claim or Interest has been filed with the Bankruptcy Court, to the extent the proof of Claim or Interest amount exceeds the amount provided for in any of the Debtor's Schedules; or (iii) the subject of an objection which has been or may be timely filed by any

party in interest or the United States Trustee and which claim has not been disallowed by Final Order. To the extent an objection relates to the allowance of only a part of a Claim or Interest, such a Claim or Interest shall be a Contested Claim or Contested Interest only to the extent of the objection.

8.1.25. **Creditor** means holder of a Claim as of the Petition Date.

8.1.26. **Debtor** means, RJ Hawk Transport, Inc.

8.1.27. **Discharge Date** means the date the Reorganized Debtor attains a discharge under § 1192 of the Bankruptcy Code.

8.1.28. **Entity** includes any individual, partnership, corporation, estate, trust, governmental unit, person, and the United States Trustee.

8.1.29. **Equify** means Equify Financial, LLC.

8.1.30. **Estate** means the bankruptcy estate of the Debtor created by Section 541 of the Bankruptcy Code upon the commencement of this Case.

8.1.31. **Final Order** means: (i) an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing, shall then be pending or, (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that the Confirmation Order may be treated as a Final Order if no stay pending appeal has been obtained.

8.1.32. **First Citizens** means First Citizens Bank & Trust Company.

8.1.33. **Initial Distribution Date** means the first Business Day on which a distribution is made under the Plan to holders of Allowed Claims.

8.1.34. **Insider** means: (i) a director of the Debtor; (ii) an officer of the Debtor; (iii) a person in control of the Debtor; (iv) a partnership in which the Debtor is general partner; (v) a general partner of the Debtor; (vi) a relative of a general partner in, general partner of, or person in control of the Debtor, (vii) an affiliate (defined in § 101(2) of the Bankruptcy Code) of the Debtor or an Insider of an affiliate as if such affiliate were a Debtor; and (viii) a managing agent of the Debtor.

8.1.35. **Interest** means: (i) the membership interests or ownership interests in the Debtor; and (ii) any right or option, however arising, to acquire a membership interest or any other equity interest in the Debtor.

8.1.36. **Lien** means all valid and enforceable liens, security interests, claims and encumbrances against any property of the Debtor's estate, which is permitted by, or not avoided pursuant to the Bankruptcy Code.

8.1.37. **Marlin** means Marlin Business Corporation.

8.1.38. **Midland** means Midland States Bank.

8.1.39. **Mitsubishi** means Mitsubishi HC Capital America, Inc.

8.1.40. **Petition Date** means September 29, 2024, the date the Debtor filed a voluntary bankruptcy petition commencing this Case.

8.1.41. **Plan** means this "First Amended Plan of Reorganization [Dated **December 30, 2024**]", including all exhibits and attachments, each of which is hereby incorporated and made part thereof, as modified or amended from time to time in accordance with § 1127 of the Bankruptcy Code.

8.1.42. **Plan Proponent** means, **RJ Hawk Transport, Inc**.

8.1.43. **Plan Rate** means the Prime Rate as of the Effective Date or such other rate of interest as is determined by the Bankruptcy Court.

8.1.44. **Plan Term** means the duration of the Plan which in this case is five (5) years from and after the Effective Date.

8.1.45. **Prime Rate** means the prime interest rate quoted and published from time-to-time in the "Money Rates" section of the *Wall Street Journal*.

8.1.46. **Priority Claim** means all Claims entitled to priority under §§ 507(a)(2)-(a)(7) and (a)(9)-(a)(10) of the Bankruptcy Code.

8.1.47. **Priority Tax Claim** means all Claims for Taxes entitled to priority under § 507(a)(8) of the Bankruptcy Code, and shall include all Tax Claims secured by assets of the Estate.

8.1.48. ***Pro Rata*** means proportionately, so that with respect to a particular Allowed Claim, the ratio of: (i) the monies or property disbursed on account of such Allowed Claim to the amount of such Allowed Claim, is the same as the ratio of (ii) the monies or property disbursed on account of all Allowed Claims of the Class in which such Allowed Claim is included to the amount of all Allowed Claims in that Class.

8.1.49. **Professionals** means those Entities: (i) employed under §§ 327 or 1103 of the Bankruptcy Code; and (ii) entitled, under §§ 330, 503(b), 506(b), and 507(a)(2) of the Bankruptcy Code, to seek compensation for legal, accounting and/or other professional services and the costs and expenses related to such services from the Debtor and/or the Estate.

8.1.50. **Rejection Damages Deadline** means the later of the Bar Date, or thirty (30) days after the entry of an order approving the rejection of an executory contract or unexpired lease.

8.1.51. **Reorganized Debtor** means, **RJ Hawk Transport, Inc**, after the entry of the Confirmation Order.

8.1.52. **Schedules** means those schedules, statements and lists filed with the Court by the Debtor pursuant to and in accord with § 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b).

8.1.53. **Secured Claim** means a Claim secured by a Lien on any property of the Estate, but only to the extent of the value of the interest of the holder of such Claim in the interest of the subject Estate in such property, the calculation of which shall not include any demand for default interest, penalty interest or other similar demands.

8.1.54. **Secured Claim Interest Rate** means a fixed interest rate of **8.50%** or such other rate as the Bankruptcy Court determines at the Confirmation Hearing is necessary to provide the holders of Allowed Secured Claims with the present value of their collateral.

8.1.55. **State Comptroller** means the Texas Comptroller of Public Accounts.

8.1.56. **Subordinated Claim** means: (i) any Claim, or portion of a Claim, that is subject to subordination under § 510 of the Bankruptcy Code; and (ii) any Claim, or portion of a Claim, for fines, penalties, forfeitures, for multiple, exemplary, or punitive damages, or other non-pecuniary, direct or non-proximate damages.

8.1.57. **SubV Trustee** means individual appointed as trustee under § 1183 of the Bankruptcy Code.

8.1.58. **Tax** means and includes any federal state, county and local income, *ad valorem*, excise, stamp and other tax of any type or nature whatsoever.

8.1.59. **Tax Claim** means any and all Secured or Priority Claims of the Debtor for the payment of any Taxes: (i) accorded a priority pursuant to § 507(a)(8) of the Code; or (ii) secured by

valid Liens on property of the Estate existing on the Confirmation Date.

8.1.60. **United States Trustee** means the Office of the United States Trustee for Region Six.

8.1.61. **Unsecured Claim** means a Claim that is not an Administrative Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim.

8.1.62. **Wintrust** means Wintrust Specialty Finance.

| | | |
|---|---|---|
| 8.2. | **Effective Date** | The date that is fourteen (14) days after the Confirmation Order becomes a Final Order. |
| 8.3. | **Severability** | If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan. |
| 8.4. | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.5. | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.6. | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan. |
| 8.7. | **Corporate Governance** | The management of each Reorganized Debtor will remain unaltered. |
| 8.8. | **Retention of Jurisdiction** | The Bankruptcy Court shall retain exclusive jurisdiction over this Case after Confirmation, notwithstanding consummation or substantial consummation, for the following purposes: |

8.8.1. to consider and effect any modification of this Plan under § 1127 of the Bankruptcy Code;

8.8.2. to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

8.8.3. to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

8.8.4. to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

8.8.5. to hear and determine all claims that the Debtor, as debtor in possession qua trustee, could assert under the Bankruptcy Code;

8.8.6. to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

8.8.7. to make such orders as are necessary and appropriate to carry out and implement the provisions of this Plan;

8.8.8. to approve the reasonableness of any payments made or to be made, within the meaning of § 1129(a)(4) of the Bankruptcy Code;

8.8.9. to exercise the jurisdiction granted pursuant to §§ 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

8.8.10. to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan;

8.8.11. to hear and determine any controversies with respect to any settlements approved by the Bankruptcy Court;

8.8.12. to determine any and all motions, applications, adversary proceedings and contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Reorganized Debtor; and

8.8.13. to enter a final decree closing any or all Cases.

**Failure of the Bankruptcy Court to Exercise Jurisdiction**. If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, in or related to the Debtor's Estate, including with respect to the matters set forth herein, this Article 8 shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

| 8.9. | **Rules of construction** | The rules of construction set forth in § 102 of the Code shall apply and are supplemented as follows: |
| --- | --- | --- |

8.9.1. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan

as a whole and not to any particular article, section, subsection or clauses contained in the Plan.

8.9.2. Unless otherwise specified, a reference to an article or a section is a reference to that article or section of the Plan.

8.9.3. Any reference in the Plan to a document being in a particular for or on particular terms and conditions meant that the document shall be substantially in such form or substantially on such terms and conditions.

8.9.4. Any reference in the Plan to an existing document means such document, as it may have been amended, modified or supplemented from time to time as of the Effective Date.

8.10. All headings utilized in this Plan are for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

## ARTICLE 9: DISCHARGE

### DISCHARGE IF PLAN IS CONFIRMED UNDER § 1191(a) OF THE BANKRUPTCY CODE

| | |
|---|---|
| ☐ | **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. |
| ☐ | **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan. |
| ☑ | **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:<br><br>(i) imposed by this Plan; or |

(ii) to the extent provided in § 1141(d)(6).

| ☐ | No discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case. |
|---|---|

### DISCHARGE IF PLAN IS CONFIRMED UNDER § 1191(b) OF THE BANKRUPTCY CODE

| | If the Plan is confirmed under section 1191(b) of this title, as soon as practicable after completion by the Debtor of all payments due within the Plan Term, the Court shall grant the Debtor a discharge of all debts provided in §§ 503 and 1141(d)(1)(A) of the Bankruptcy Code to the extent provided for in the Plan, except any debt: (1) on which the last payment is due after the Plan Term; or (2) of the kind specified in § 523(a) of the Bankruptcy Code. |
|---|---|

### ARTICLE 10: OTHER PROVISIONS

| 10.1. **Conditions to Consummation** | The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived by the Debtor:<br><br>10.1.1. The Confirmation Order must have become a Final Confirmation Order.<br><br>10.1.2. No request for revocation of the Confirmation Order under § 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending; and<br><br>10.1.3. All actions, documents and agreements necessary to implement the Plan shall have been effectuated or executed.<br><br>10.1.4. **Waiver of Conditions**. Each of the conditions set forth above may be waived in whole or in part by the Debtor in its sole and absolute discretion, without any notice to parties in interests or the Bankruptcy Court, and without a hearing. The Debtor's waiver of any one condition shall not be deemed a waiver of any other condition. |
|---|---|
| 10.2. **Binding Effect** | Except as otherwise provided in § 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against or Interest in the Debtor and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. |
| 10.3. **Injunction** | 10.3.1. **Permanent Injunction**. Except as otherwise expressly provided in, or permitted under, this Plan, all Creditors |

and Interest holders, are permanently enjoined on and after the Effective Date against the collecting of Claims against the Reorganized Debtor in any manner other than as provided for in the Plan.

10.3.2. **The injunction provisions set forth herein do not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination of the Allowed Amount of any Claims that arose prior to the Effective Date by a court of competent jurisdiction.**

| | |
|---|---|
| 10.4. **Notice of Default** | **Notice of Default**.   Except as otherwise provided herein with respect to the treatment of a Class of Creditors, in the event of any alleged default under the Plan, any Creditor or party-in-interest must give a written default notice to the defaulting Reorganized Debtor with copies to counsel of record for the defaulting Reorganized Debtor specifying the nature of the default.   Upon receipt of the default notice, the defaulting Reorganized Debtor shall have ten (10) days to cure such default from the time of receipt of the default notice.  If such default has not been cured within the applicable time period any such Creditor or party-in-interest shall have the right to exercise any and all available remedies, including the right to undertake foreclosure upon any collateral securing the obligation, if applicable.  Debtor is entitled to receive no more than 2 notices of default in any 12 month period. |
| 10.5. **Miscellaneous** | 10.5.1. **Request for Relief Under Section 1191(b)**.  In the event any Class of Creditors or Interests shall fail to accept this Plan in accordance with §§ 1129(a) and 1191(a) of the Bankruptcy Code, the Debtor requests the Bankruptcy Court to confirm this Plan in accordance with the provisions of § 1191(b) of the Bankruptcy Code. |

10.5.2. **Incorporation of Rule 9019**. To the extent necessary to effectuate and implement the compromises and releases contained in this Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein.

10.5.3. **Computation of Time**.  The computation of any time periods prescribed or allowed by the Plan shall be governed by Bankruptcy Rule 9006.

10.5.4. **Exhibits**.  All exhibits to the Plan are incorporated into the Plan and shall be deemed to be part of the Plan.

10.5.5. **Modification**.  The Debtor may alter, amend or modify this Plan under § 1127 of the Bankruptcy Code or as otherwise permitted by law prior to Confirmation.  Further, the Reorganized Debtor may also seek to modify the Plan after

Confirmation and prior to substantial consummation of the Plan so long as the treatment of the holders of Allowed Claims or Interests are not materially or adversely affected.

10.6. **Due Authorization**. Each and every Claim and Interest holder who elects to participate in the distributions provided for herein warrant that such Claim or Interest holder is authorized to accept, in consideration of such Claim against or Interest in the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, expressed or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claim or Interest holder under this Plan.

10.7. **Authorization of Corporate Action**. All matters and actions provided for under this Plan involving the structure of the Debtor or action to be taken by or required of the Debtor or Reorganized Debtor shall be deemed to have occurred and be effective as provided herein, and shall be deemed to be authorized and approved in all respects without any requirement for further action by the members or partners of the Debtor, as applicable.

10.8. **Further Assurances and Authorizations**. The Debtor and/or the Reorganized Debtor, if and to the extent necessary, shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions, of this Plan.

10.9. **Privileged Communications; Work Product.** For purposes of any proprietary, confidential or privileged information or communication, including attorney-client privileged communications, and documents that would otherwise constitute attorney work product, the Reorganized Debtor shall succeed to the interest of the Debtor and Estate, to the extent provided by applicable law.

10.10. **No Interest**. Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

10.11. **No Attorneys' Fees**. No attorneys' fees will be paid with respect to any Claim, other than Claims of professionals employed by the Debtor, except as specified herein or as allowed by a prior order of the Bankruptcy Court.

10.12. **Post-Confirmation Actions**. After Confirmation, the Reorganized Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan or in the Confirmation Order, in

such manner as may be necessary to carry out the purposes and effect of this Plan.

10.13. **Post-Confirmation Conversion and/or Dismissal**. Any Creditor or interested party, in the event of a default under the terms of this Plan, may file a motion to dismiss or convert this case pursuant to § 1112 of the Bankruptcy Code after the Plan is confirmed if the Case has not been closed or the Plan confirmed pursuant under section 1191(b). If the Bankruptcy Court orders the case converted to one under Chapter 7, then all property that had been property of the chapter 11 bankruptcy estate, and not previously disbursed under the terms of this Plan, shall revest in the Chapter 7 bankruptcy estate. Further, to the extent relief from stay had not previously been granted during the chapter 11 bankruptcy process, a new automatic stay shall be reimposed upon all property of the Chapter 7 bankruptcy estate.

10.14. **Post-Confirmation Removal of Reorganized Debtor**. In the event the Reorganized Debtor fails to perform its obligations under the confirmed Plan, the Court shall order the Reorganized Debtor to be removed as a debtor-in-possession in accord with § 1185(a) of the Bankruptcy Code and the SubV Trustee shall perform the duties specified in § 704(a)(8) of the Bankruptcy Code and paragraphs (1), (2), and (6) of § 1106(a) of this title, including operating the business of the debtor in accord with § 1183(b)(5) of the Bankruptcy Code.

10.14.1. Should this Plan be confirmed pursuant to § 1191(a) of the Bankruptcy Code any and all property that vests in the Reorganized Debtor under the terms of this Plan shall vest and/or revest in the Reorganized Debtor's Estate in the event the Reorganized Debtor is removed under § 1185(a) of the Bankruptcy Code.

10.15. **Minimum Distribution**. Notwithstanding anything to the contrary in this Plan, the Reorganized Debtor shall be required to make distributions under this Plan of a sum less than $100.00 to any Allowed Claim holder. In such case, the Allowed Amount of such Claims shall be reduced to zero and such funds shall be retained by the Reorganized Debtor.

10.16. **Substantial Consummation**. If the Plan is confirmed pursuant to § 1191(a) of the Bankruptcy Code, substantial consummation shall be deemed to occur when the Reorganized Debtor makes initial distributions pursuant to the terms of the Plan.

10.17. **Notices**. All notices, requests, elections or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt

requested. Any notices required to be delivered to the Debtor shall be addressed as follows:

**To Debtor and/or Reorganized Debtor:**
RJ Hawk Transport Inc.
Attention: Sandra Jimenez
3668 S. FM 51
Decatur, TX 76234

**With a copy to:**
Robert T. DeMarco
DeMarco Mitchell, PLLC
12770 Coit Road, 850
Dallas, TX 75251

10.18. **Notices and Distributions**. On and after the Effective Date, all notices, requests and distributions to Claimants shall be sent to the last known address of: (1) the Claimant or its/his/her attorney of record as reflected in the Claimant's proof of claim; or (2) if there is no such evidence of a last known address, to the last known address of the Claimant according to the books and records of either Debtor. Any Claimant may designate another address for the purposes of this Section by providing the subject Reorganized Debtor written notice of such address, which notice will be effective upon receipt by said Reorganized Debtor.

10.19. **Unclaimed Property**. If any property distributed under the Plan by the Reorganized Debtor remains unclaimed for a period of two (2) years the initial date of the attempted delivery such unclaimed property shall be forfeited by the Claimant and the unclaimed property and the right to receive it shall revert to and vest in the subject Reorganized Debtor free and clear of any claims, rights or interests. Said Reorganized Debtor, on the anniversary of the Effective date, shall file with the Bankruptcy Court a schedule that identifies the name and last-known address of all holders of unclaimed distributions.

10.20. **Setoff**. Except as specifically provided in the Plan, no Creditor shall retain any contractual or statutory right to set off any asset in which either Debtor or Reorganized Debtor has an interest in satisfaction of that Creditor's pre-petition Claim. Any right to set off a claim against an asset of either Debtor or Reorganized Debtor which is not specifically retained is waived.

10.21. **No Admissions**. Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed an admission by the Plan Proponents with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety, any classification of any Claim or Interest, or the valuation of any property.

Respectfully submitted,

Dated: **December 30, 2024**

/s/ *Sandra Jimenez*

**Sandra Jimenez**, President,
RJ Hawk Transport Inc.

Presented by:

/s/ *Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
12770 Coit Road, 850
Dallas, TX 750251
**T**        972-991-5591
**F**        972-346-6791

**Attorneys for the Debtor and
Debtor-in-Possession**

# EXHIBIT "A"

A. **CHAPTER 7 DIVIDENDS PAID.** The Debtor makes the following assumptions:

| ASSET | LIQUIDATION VALUE | LIEN | NET ASSET VALUE |
|---|---|---|---|
| A/R | $0.00 | $0.00 | $0.00 |
| Tractors and Trailers | $637,000.00 | $1,190,000.00 | $0.00 |
| TOTAL | | | $0.00 |

As set forth in the above table, Debtor asserts the liquidation value of the Debtor's NONEXEMPT collective assets, net of secured liens, is approximately $0.00.

B. **PLAN DIVIDENDS PAID.** The Debtor makes the following assumptions:

| ASSUMPTION | COST |
|---|---|
| The Debtor is able to continue operating through the Plan Term and will meet or exceed the projections provided herewith. | n/a |
| The Debtor will not liquidate any equipment or inventory. | n/a |

The Plan provides for a $120,000 dividend to all unsecured creditors over a period of five (5) years. Debtor contends the Plan provides for a greater dividend to all creditors than would a liquidation of assets under chapter 7.

Case 24-43507-elm11 Doc 67 Filed 12/25/24 Entered 12/30/24 08:17:20 Desc Imaged Certificate of Notice Page 35 of 41

# EXHIBIT "B"

Set of projections are attached.

| | February | March | April | May | June | July |
|---|---|---|---|---|---|---|
| **INCOME** | | | | | | |
| Gross Income | $92,000.00 | $90,000.00 | $90,000.00 | $88,000.00 | $90,000.00 | $94,000.00 |
| Fuel surcharge | $3,200.00 | $3,000.00 | $3,000.00 | $3,000.00 | $1,277.00 | $2,200.00 |
| TOTAL Income | **$95,200.00** | **$93,000.00** | **$93,000.00** | **$91,000.00** | **$91,277.00** | **$96,200.00** |
| **EXPENSES** | | | | | | |
| Diesel | $28,000.00 | $26,000.00 | $26,000.00 | $24,000.00 | $25,000.00 | $31,000.00 |
| Bank Charges & Fees | $300.00 | $300.00 | $150.00 | $100.00 | $100.00 | $75.00 |
| Tires | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 |
| Insurance | | | | | | |
| Liability Insurance | $13,949.00 | $13,949.00 | $13,949.00 | $13,949.00 | $13,949.00 | $13,949.00 |
| Tag/ Reg/ Hwy use tax | $1,750.00 | $1,750.00 | $1,750.00 | $1,750.00 | $1,750.00 | $1,750.00 |
| Workers' Comp Insurance | | | | | | |
| Total Insurance | **$13,949.00** | **$13,949.00** | **$13,949.00** | **$13,949.00** | **$13,949.00** | **$13,949.00** |
| Professional Services | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Office Ex/port o potty | $300.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Office Supplies/water | $300.00 | $300.00 | $300.00 | $300.00 | $600.00 | $600.00 |
| Payroll Expenses | | | | | | |
| Payroll Taxes | $500.00 | $600.00 | $700.00 | $800.00 | $600.00 | $1,500.00 |
| Wages | $4,000.00 | $4,500.00 | $5,000.00 | $6,000.00 | $2,000.00 | $5,000.00 |
| Total Payroll Expenses | **$4,500.00** | **$5,100.00** | **$5,700.00** | **$6,800.00** | **$2,600.00** | **$6,500.00** |
| Postage & Delivery Charges | | | | | | |
| Property Tax Expense | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| DOT/ Drug testing | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 |
| Repairs & Maintenance | $7,395.00 | $7,395.00 | $7,395.00 | $7,395.00 | $7,395.00 | $7,395.00 |
| Security Expense | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Cellphone & Internet | $350.00 | $700.00 | $700.00 | $700.00 | $700.00 | $700.00 |
| Toll & Parking | $350.00 | $300.00 | $250.00 | $200.00 | $200.00 | $200.00 |
| Uniform | $350.00 | $225.00 | $225.00 | $225.00 | $225.00 | $225.00 |
| Utilities | $550.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Subcontractors | $12,000.00 | $14,000.00 | $15,000.00 | $12,000.00 | $15,000.00 | $12,000.00 |
| TOTAL Expenses | **$75,594.00** | **$76,519.00** | **$77,919.00** | **$73,919.00** | **$74,019.00** | **$80,894.00** |
| Net Income | $19,606.00 | $16,481.00 | $15,081.00 | $17,081.00 | $17,258.00 | $15,306.00 |
| | | | | | | |
| **PLAN** | | | | | | |
| Wise County | $410.00 | $410.00 | $410.00 | $410.00 | $410.00 | $410.00 |
| First Citizens | $262.00 | $262.00 | $262.00 | $262.00 | $262.00 | $262.00 |
| AmeriCredit | $392.00 | $392.00 | $392.00 | $392.00 | $392.00 | $392.00 |
| Ally | $1,370.00 | $1,370.00 | $1,370.00 | $1,370.00 | $1,370.00 | $1,370.00 |
| Mitsubishi | $4,105.00 | $4,105.00 | $4,105.00 | $4,105.00 | $4,105.00 | $4,105.00 |
| Marlin | $323.00 | $323.00 | $323.00 | $323.00 | $323.00 | $323.00 |
| Wintrust 1163 | $515.00 | $515.00 | $515.00 | $515.00 | $515.00 | $515.00 |
| Wintrust 1427 | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 |
| Midland | $821.00 | $821.00 | $821.00 | $821.00 | $821.00 | $821.00 |
| Equify | $5,540.00 | $5,540.00 | $5,540.00 | $5,540.00 | $5,540.00 | $5,540.00 |
| IRS | $240.00 | $240.00 | $240.00 | $240.00 | $240.00 | $240.00 |
| Unsecured Creditors | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Total | **$16,553.00** | **$16,553.00** | **$16,553.00** | **$16,553.00** | **$16,553.00** | **$16,553.00** |
| Net Income | $3,053.00 | -$72.00 | -$1,472.00 | $528.00 | $705.00 | -$1,247.00 |

| | Aug | Sept | Oct | Nov | Dec |
|---|---|---|---|---|---|
| **INCOME** | | | | | |
| **Gross Income** | $99,000.00 | $90,000.00 | $98,000.00 | $90,000.00 | $85,000.00 |
| **Fuel surcharge** | $3,500.00 | $200.00 | $150.00 | $0.00 | $0.00 |
| **TOTAL Income** | **$102,500.00** | **$90,200.00** | **$98,150.00** | **$90,000.00** | **$85,000.00** |
| **EXPENSES** | | | | | |
| **Diesel** | $36,000.00 | $16,000.00 | $20,000.00 | $19,000.00 | $18,000.00 |
| **Bank Charges & Fees** | $25.00 | $125.00 | $120.00 | $120.00 | $100.00 |
| **Tires** | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 |
| **Insurance** | | | | | |
| **Liability Insurance** | $13,949.00 | $13,949.00 | $13,949.00 | $13,949.00 | $13,949.00 |
| **Tag/ Reg/ Hwy use tax** | $1,750.00 | $1,750.00 | $1,750.00 | $1,750.00 | $1,750.00 |
| **Workers' Comp Insurance** | | | | | |
| **Total Insurance** | **$13,949.00** | **$13,949.00** | **$13,949.00** | **$13,949.00** | **$13,949.00** |
| **Professional Services** | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| **Office Ex/port o potty** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Office Supplies/water** | $600.00 | $600.00 | $600.00 | $600.00 | $600.00 |
| **Payroll Expenses** | | | | | |
| **Payroll Taxes** | $2,000.00 | $1,500.00 | $2,100.00 | $2,700.00 | $400.00 |
| **Wages** | $9,000.00 | $6,000.00 | $12,000.00 | $11,000.00 | $4,000.00 |
| **Total Payroll Expenses** | **$11,000.00** | **$7,500.00** | **$14,100.00** | **$13,700.00** | **$4,400.00** |
| **Postage & Delivery Charges** | | | | | |
| **Property Tax Expense** | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| **DOT/ Drug testing** | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 |
| **Repairs & Maintenance** | $7,395.00 | $7,395.00 | $7,395.00 | $7,395.00 | $7,395.00 |
| **Security Expense** | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| **Cellphone & Internet** | $700.00 | $700.00 | $700.00 | $700.00 | $700.00 |
| **Toll & Parking** | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Uniform** | $225.00 | $225.00 | $225.00 | $225.00 | $225.00 |
| **Utilities** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Subcontractors** | $9,000.00 | $18,000.00 | $11,000.00 | $4,000.00 | $12,000.00 |
| **TOTAL Expenses** | **$87,344.00** | **$72,944.00** | **$76,539.00** | **$68,139.00** | **$65,819.00** |
| **Net Income** | $15,156.00 | $17,256.00 | $21,611.00 | $21,861.00 | $19,181.00 |
| | | | | | |
| **PLAN** | | | | | |
| **Wise County** | $410.00 | $410.00 | $410.00 | $410.00 | $410.00 |
| **First Citizens** | $262.00 | $262.00 | $262.00 | $262.00 | $262.00 |
| **AmeriCredit** | $392.00 | $392.00 | $392.00 | $392.00 | $392.00 |
| **Ally** | $1,370.00 | $1,370.00 | $1,370.00 | $1,370.00 | $1,370.00 |
| **Mitsubishi** | $4,105.00 | $4,105.00 | $4,105.00 | $4,105.00 | $4,105.00 |
| **Marlin** | $323.00 | $323.00 | $323.00 | $323.00 | $323.00 |
| **Wintrust 1163** | $515.00 | $515.00 | $515.00 | $515.00 | $515.00 |
| **Wintrust 1427** | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 |
| **Midland** | $821.00 | $821.00 | $821.00 | $821.00 | $821.00 |
| **Equify** | $5,540.00 | $5,540.00 | $5,540.00 | $5,540.00 | $5,540.00 |
| **IRS** | $240.00 | $240.00 | $240.00 | $240.00 | $240.00 |
| **Unsecured Creditors** | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| **Total** | **$16,553.00** | **$16,553.00** | **$16,553.00** | **$16,553.00** | **$16,553.00** |
| **Net Income** | -$1,397.00 | $703.00 | $5,058.00 | $5,308.00 | $2,628.00 |

|  | Jan-26 | Total |
|---|---|---|
| **INCOME** | | |
| Gross Income | $80,000.00 | $1,086,000.00 |
| Fuel surcharge | $0.00 | $19,527.00 |
| TOTAL Income | **$80,000.00** | **$1,105,527.00** |
| **EXPENSES** | | |
| Diesel | $20,000.00 | |
| Bank Charges & Fees | $100.00 | $1,615.00 |
| Tires | $3,500.00 | $42,000.00 |
| Insurance | | |
| Liability Insurance | $13,949.00 | $167,388.00 |
| Tag/ Reg/ Hwy use tax | $1,750.00 | $21,000.00 |
| Workers' Comp Insurance | | $0.00 |
| Total Insurance | **$13,949.00** | **$167,388.00** |
| Professional Services | $2,000.00 | $24,000.00 |
| Office Ex/port o potty | $500.00 | $5,800.00 |
| Office Supplies/water | $600.00 | $6,000.00 |
| Payroll Expenses | | |
| Payroll Taxes | $600.00 | $14,000.00 |
| Wages | $5,000.00 | $73,500.00 |
| Total Payroll Expenses | **$5,600.00** | **$87,500.00** |
| Postage & Delivery Charges | | $0.00 |
| Property Tax Expense | $1,000.00 | $12,000.00 |
| DOT/ Drug testing | $450.00 | $5,400.00 |
| Repairs & Maintenance | $7,395.00 | $88,740.00 |
| Security Expense | $300.00 | $3,600.00 |
| Cellphone & Internet | $700.00 | $8,050.00 |
| Toll & Parking | $200.00 | |
| Uniform | $225.00 | |
| Utilities | $500.00 | $6,050.00 |
| Subcontractors | $6,000.00 | $140,000.00 |
| TOTAL Expenses | **$63,019.00** | **$892,668.00** |
| Net Income | $16,981.00 | $212,859.00 |
| | | |
| **PLAN** | | |
| | | |
| Wise County | $410.00 | $4,920.00 |
| First Citizens | $262.00 | $3,144.00 |
| AmeriCredit | $392.00 | $4,704.00 |
| Ally | $1,370.00 | $16,440.00 |
| Mitsubishi | $4,105.00 | $49,260.00 |
| Marlin | $323.00 | $3,876.00 |
| Wintrust 1163 | $515.00 | $6,180.00 |
| Wintrust 1427 | $575.00 | $6,900.00 |
| Midland | $821.00 | $9,852.00 |
| Equify | $5,540.00 | $66,480.00 |
| IRS | $240.00 | $2,880.00 |
| Unsecured Creditors | $2,000.00 | $24,000.00 |
| Total | **$16,553.00** | **$198,636.00** |
| Net Income | $428.00 | $14,223.00 |

Case 24-43507-elm11 Doc 48 Filed 12/30/24 Entered 12/30/24 23:17:26 Desc
Document Page 39 of 41

# EXHIBIT "C"

Form Ballot is attached.

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | **Case No.:** | **24-43507-ELM-11** |
| **RJ Hawk Transport Inc.**<br>82-5347984<br>3668 S. FM 51<br>Decatur, TX 76234 | **Chapter:** | **11** |
| **Debtor.** | | |

**BALLOT FOR ACCEPTING OR REJECTING**
**PLAN OF REORGANIZATION**

**RJ Hawk Transport Inc.**, the debtor and debtor-in-possession in this Case filed Debtor's Plan of Reorganization [Dated December 30, 2024] (the "**Plan**") on December 30, 2024.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

If your Ballot is NOT received by:

> **RJ Hawk Transport Inc.**
> **C/O DEMARCO•MITCHELL, PLLC**
> **12770 Coit Road, 850**
> **Dallas, Texas 75251**

on or before **February** 21 **, 2025, at 5:00 p.m.**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a claim against the Debtor in the unpaid amount of:

$

**ACCEPTS THE PLAN**                    **REJECTS THE PLAN**

**Dated:** _____

SIGNATURE: _____

PRINT OR TYPE NAME: _____
TITLE: _____
(if corporation or
partnership)

COMPANY NAME: _____
(if applicable)

Address: _____
_____

**RETURN THIS BALLOT TO:**

**RJ Hawk Transport Inc.**
**C/O DEMARCO•MITCHELL, PLLC**
**12770 Coit Road, 850**
**Dallas, Texas 75251**

United States Bankruptcy Court

Northern District of Texas

In re:                                                                                    Case No. 24-43507-elm

RJ Hawk Transport Inc.                                                                    Chapter 11
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0539-4                          User: admin                                 Page 1 of 2

Date Rcvd: Mar 10, 2025                       Form ID: pdf024                             Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 12, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | RJ Hawk Transport Inc., 3668 S. FM 51, Decatur, TX 76234-8807 |
| aty | + | DeMarco Mitchell, PLLC, 12770 Coit Road, Suite 850, Dallas, TX 75251-1364 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 12, 2025                    Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 10, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Dawn Whalen Theiss | on behalf of Creditor United States Of America Internal Revenue Service dawn.theiss@usdoj.gov brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov |
| Dawn Whalen Theiss | on behalf of Creditor Small Business Administration dawn.theiss@usdoj.gov brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov |
| John Kendrick Turner | on behalf of Creditor Wise County john.turner@lgbs.com Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com |
| Katharine B. Clark -SBRA V | KClark@ThompsonCoburn.com smeiners@thompsoncoburn.com;ldebardeleben@thompsoncoburn.com;KClark@ecf.axosfs.com;lbrasher@thompsoncoburn.com; hfischer@thompsoncoburn.com |

District/off: 0539-4                    User: admin                                    Page 2 of 2
Date Rcvd: Mar 10, 2025                 Form ID: pdf024                                 Total Noticed: 2

Katharine B. Clark -SBRA V
                          on behalf of Trustee Katharine B. Clark -SBRA V KClark@ThompsonCoburn.com
                          smeiners@thompsoncoburn.com;ldebardeleben@thompsoncoburn.com;KClark@ecf.axosfs.com;lbrasher@thompsoncoburn.com;
                          hfischer@thompsoncoburn.com

Kelsey Linendoll, I
                          on behalf of Creditor Midland States Bank d/b/a Midland Equipment Finance klinendoll@padfieldstout.com

Matthew Joseph Lee
                          on behalf of Creditor Equify Financial LLC mjl@replevin.com  ecf@writofseizure.com

Robert Thomas DeMarco
                          on behalf of Debtor RJ Hawk Transport Inc. robert@demarcomitchell.com
                          barbara@demarcomitchell.com;mike@demarcomitchell.com;robert_783@ecf.courtdrive.com

Sidney H. Scheinberg
                          on behalf of Creditor Wintrust Specialty Finance SScheinberg@GodwinBowman.com
                          sidscheinberg@me.com;ciskandarani@GodwinBowman.com;TSides@GodwinBowman.com;kwitcher@godwinbowman.com

United States Trustee
                          ustpregion06.da.ecf@usdoj.gov


TOTAL: 10